**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 25, 2019

LETTER TO THE PARTIES

      RE: *Steven M. v. Commissioner, Social Security Administration*;
            Civil No. SAG-18-2227

Dear Plaintiff and Counsel:

On July 20, 2018, Plaintiff Steven M., who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the SSA's Motion for Summary Judgment.[1] ECF 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed his claims for benefits in March and April of 2014, alleging a disability onset date of August 29, 2012. Tr. 294-304. His claims were denied initially and on reconsideration. Tr. 122-29, 133-40. A hearing, at which Plaintiff was represented by a non-attorney representative, was held on July 14, 2017, before an Administrative Law Judge ("ALJ"). Tr. 36-72. Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-27. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "affective disorder, anxiety disorder, learning disorder, dyslexia, and attention-deficit disorder." Tr. 12. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant can perform simple and routine tasks, but not at production pace. He can make simple work-related decisions and can adjust to occasionally [sic] changes in workplace settings. The claimant can communicate

---

[1] After the SSA filed its motion, the Clerk's Office sent a Rule 12/56 letter to Plaintiff, advising him of the potential consequences of failing to oppose the dispositive motion. ECF 16. Plaintiff did not file a response.

      simple information, and he occasionally can interact with coworkers and supervisors, but he never can interact with the public.

Tr. 15. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, and, accordingly, that Plaintiff was not disabled. Tr. 26-27.

      I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). In particular, I have considered the arguments made by Plaintiff's non-attorney representative at the administrative level. *See, e.g.*, Tr. 48-50. For the reasons described below, substantial evidence supports the ALJ's decision.

      The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Plaintiff's favor at step one, and determined that he had not engaged in substantial gainful activity since his alleged onset date. Tr. 12; *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Plaintiff claimed prevented him from working. *See* Tr. 12-13; 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). After finding several of Plaintiff's impairments to be severe, Tr. 12-13, the ALJ continued with the sequential evaluation and considered, in assessing Plaintiff's RFC, the extent to which his impairments limited his ability to work.

      At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of any listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Tr. 13-15. In particular, the ALJ identified and considered mental health listings 12.04, 12.05, 12.06, and 12.11. Tr. 13-14. Those listings include: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria" for listings 12.04 and 12.06, which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

      The ALJ evaluated the "paragraph B" criteria, and found Plaintiff to have moderate limitations in each of the four relevant functional areas, supporting each determination with citations to the evidence of record. Tr. 14. The ALJ also considered the paragraph C criteria of listings 12.04 and 12.06, and the paragraph A criteria of listing 12.05, and determined that Plaintiff did not fulfill the relevant requirements of any of the listings. Tr. 15. I have carefully reviewed the record, and I agree that no listings are met in this case.

In considering Plaintiff's RFC, the ALJ summarized his subjective complaints from his hearing testimony as part of an extensive and detailed review of his medical records. Tr. 16-23. The ALJ noted, among other findings, that there were discrepancies between Plaintiff's testimony and the treatment records, Tr. 17, that Plaintiff's treating psychotherapist often reports that he has a euthymic mood, *id.*, that more significant episodes leading to hospital encounters have been triggered by household discord or medication non-compliance, *id.*, and that his treating psychologist found that Plaintiff focuses on his limitations rather than his strengths. Tr. 19. The ALJ reviewed the specific medical evidence supporting those assessments, incorporating assignments of weight to the medical opinion evidence from the consulting and non-examining medical sources. Tr. 17-24. Specifically, the ALJ assigned only "partial weight" to the non-examining State medical consultants, who had not had the opportunity to review the more recent medical records, Tr. 24, "partial weight" to the opinion of Plaintiff's therapist, Mr. Laxton, because some of his check-box form was inconsistent with his treatment records, Tr. 23, and "little weight" to a statement in the treatment notes from Plaintiff's general practitioner, Dr. Goldman, who opined at one visit that Plaintiff "really ought to be on long-term disability," Tr. 20. The ALJ explained that Dr. Goldman's statement addressed an issue that is reserved to the Commissioner, and that Dr. Goldman's treatment notes do not support disabling mental health symptoms. *Id.*

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and the evidence outlined above, I find that the ALJ supported his RFC determination with substantial evidence.

I further note that the ALJ's evaluation of Plaintiff's impairments complied with *Mascio v. Colvin,* 780 F.3d 632, 638 (4th Cir. 2015), in that the ALJ assigned limitations in the RFC assessment to address Plaintiff's moderate limitations in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. Tr. 14, 15. The ALJ limited Plaintiff to simple tasks and the communication of simple information, mandated that Plaintiff would have limited need to adapt to workplace changes, significantly restricted Plaintiff's amount of interaction with others, and required that Plaintiff's work not be at a production pace. Tr. 15. Importantly, the ALJ provided an express and detailed explanation as to how each RFC restriction was designed to address each of Plaintiff's moderate limitations. Tr. 25.

At steps four and five, relying on the VE's testimony, the ALJ determined that a person with Plaintiff's RFC would not be capable of performing his past relevant work as a fast food worker or dining room attendant. Tr. 25. However, in accordance with the VE's testimony, the ALJ determined that a person with Plaintiff's RFC could perform other jobs existing in significant numbers in the national economy, including laundry worker, dishwasher, or janitor at

the medium exertional level. Tr. 26. Because the VE's testimony constitutes substantial evidence to support the conclusion, the ALJ's determination must be affirmed.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF 15, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case and MAIL a copy of this letter to Plaintiff.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge